(No. 3106—

IRENE EMLING, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1937.*

LEVIN, FRANK & RABICHOW, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant is a former employee of the Illinois Emergency Relief Commission. She files this claim "on behalf of herself and on behalf of all other persons who may at any time hereafter desire to become parties hereto." Claimant alleges that

she was in the employ of the commission from May 1, 1935 to April 30, 1936; that she was entitled to two weeks vacation with pay as such employee; that she did not receive such vacation and therefore seeks an award for a sum equal to two weeks' salary.

The Attorney General has filed a motion to dismiss the complaint.

Claimant's petition recites that proceedings in mandamus were instituted in the Superior Court of Cook County in behalf of claimant and others, on October 26, 1936, asking for a writ to be directed against the Illinois Emergency Relief Commissioners to pay the vacation salaries due claimant and others; that such proceedings were dismissed by the Superior Court. The Attorney General contends that this court should not now take jurisdiction, for the reason that in so doing it would be in effect reviewing the action of the Superior Court of Cook County, and that claimant should have proceeded with her action there if she desired to receive further consideration. Claimant, in her answer to the motion to dismiss, represents that the decision of the Superior Court was not on the merits of the claim, but ''rather on a motion to dismiss, predicated mainly upon the ground that mandamus was not a proper remedy to enforce the rights of claimant.'' If claimant had a right to a vacation period which was being denied, such right could have been enforced by mandamus, and this court will not review the action of the Superior Court in refusing to grant such right.

Similar demands to that here presented have recently been before the court, and awards therein denied. (See *Stephen O. Tripp* vs. *C. of C.*, No. 2248.)

Claimant places her demand upon Rule 7 of the Civil Service Commission, effective June 9, 1934, Sub-section 3 of Section 4, wherein it is provided:

"That all employees may be granted not to exceed two weeks' vacation with pay during any one year."

The Attorney General contends that Section 22 of the Civil Administrative Code has no application to employees of the Illinois Emergency Relief Commission; such Section (Ch. 24 (a), Ill. State Bar Statutes, 1935) providing as follows:

"Each employee in the several departments shall be entitled, during each calendar year, to fourteen days' leave of absence with full pay."

Further, that in Paragraph 2 of the same Act it is provided:

"That the word 'department' as used in this Act shall, unless the context. otherwise clearly indicates, mean the several departments of the State government as designated in Section 3 of this Act, and none other."

The Illinois Emergency Relief Commission is not designated in Section 3 of such Act, and in our opinion is not otherwise indicated by the context thereof. Nowhere in the Act creating such commission (Paragraphs 463-4-5, Ch. 23, State Bar Statutes, 1935) is there any provision which authorizes the employees of such commission to receive pay in lieu of vacation periods.

Claimant further contends that the Act creating the Illinois Emergency Relief Commission authorizes the officers to promulgate such rules and regulations as in their discretion deemed proper or advisable for the efficient administration of their department, (Section 1, Par. 463, Ch. 23, Cahill's Ill. Revised Statutes, 1935). Further, that acting under such authority, the commission, on May 26, 1935 issued Bulletin No. 2327 as follows:

"Vacations for employees have been authorized as follows: The vacation period will extend from May 1, 1935, to October 31, 1935. Employees who have been in the continuous employ of the Commission for a period of six months prior to May 1, 1935, will be entitled to one week's vacation with pay, and if desired, one additional week without pay. In determining qualifications for vacations, the following rules shall apply:

(a) Qualifications for vacation depend upon continuous service.

Conceding for the moment, that the commission had authority to give vacations with pay, under authority of the foregoing statute and rule, claimant would still not be entitled to double pay for any portion of time for which she was actually in service, or entitled to any additional pay after her services to the State were terminated, even though she had failed to obtain a vacation which she might have requested. Attention is further called to the fact that in the wording of Section 1 above quoted, the commission is referred to as a distinct department. Such department is not included under the provisions of Section 22 of the Civil Administrative Code, Chapter 24 (a), State Bar Statutes, 1935.

The averment set forth in plaintiff's claim and in the amendment filed thereto, on July 6, 1937, are not sufficient upon which to predicate an award. The motion of the Attorney General to dismiss is allowed and an award denied.